UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 21-21603-CIV-SINGHAL/MCALILEY

TAWANDA ROBINSON,

    Plaintiff,

v.

KILOLO KIJAKAZI,
    Acting Commissioner of Social Security,

    Defendant.
_____/

**REPORT AND RECOMMENDATION**

Pending before the Court is Plaintiff's Motion for Summary Judgment (ECF No. 21), and Defendant's Motion for Summary Judgment. (ECF No. 24). This matter is fully briefed, and the Honorable Raag Singhal referred it to me for a report and recommendation. (ECF Nos. 2, 25, 27). For the reasons set forth below, I respectfully recommended that Plaintiff's Motion for Summary Judgment be denied, and Defendant's Motion for Summary Judgment be granted.

**I.    Background**

Plaintiff filed for disability insurance benefits and supplemental social security income on April 13, 2017, that initially alleged disability as of June 7, 2013, and subsequently amended the alleged onset date to October 8, 2013. Tr. 430-38, 67, 449.[1] Plaintiff's applications were denied initially and on reconsideration. Tr. 158-86, 266-71.

---

[1] Citations to the transcript of proceedings before the Social Security Administration, filed at ECF No. 17, are to "Tr. [#]."

At Plaintiff's request, an Administrative Law Judge ("ALJ") held a hearing on February 27, 2019, which Plaintiff attended along with her attorney. Tr. 94-139. The ALJ issued an unfavorable decision on March 22, 2019, which Plaintiff asked the Appeals Council to review. Tr. 233-59, 373-77. The Appeals Council granted review and remanded the matter to the ALJ for further administrative proceedings.[2] Tr. 260-65.

The ALJ held a second hearing on May 22, 2020. Tr. 58-92. Plaintiff testified at this hearing, along with a vocational expert. *Id*. On August 26, 2020, the ALJ issued a written decision finding that concluded that Plaintiff was not disabled within the meaning of the Social Security Act. Tr. 22-56. The Appeals Council denied Plaintiff's request for review of this decision, making the ALJ's 2020 Decision the final decision of the Commissioner. Tr. 1-5, 427-29.

As relevant here, the ALJ found that Plaintiff has the following severe impairments: chronic respiratory disorder, asthma, degenerative and osteoarthritic changes of the left knee with lateral meniscal tears, bi-lateral knee disorders status post ACL repair of the right knee, osteoarthritis, tendinosis and tendinitis of the left shoulder, gout, and a history of petit mal seizures. Tr. 28. The ALJ determined that Plaintiff has the residual functional capacity ("RFC") to perform sedentary work with the following limitations: Plaintiff can never climb ladders, ropes, scaffolds, ramps, or stairs; can occasionally kneel, crouch and stoop; can frequently reach with her left arm, handle, finger and feel; and can never be

---

[2] The Appeals Council remanded the matter to the ALJ to "ensure the record is complete" and "consider medical records that had been submitted prior to the previous hearing but had not been marked as exhibits and admitted to evidence." Tr. 25, 262.

exposed to unprotected heights or hazards. Tr. 29-30. The ALJ supported the RFC with a thorough explanation of the medical evidence, which accounts for 16 pages of his opinion. Tr. 30-46. The ALJ then found that Plaintiff is not capable of performing her past relevant work as a cosmetologist and vocational teacher. Tr. 46. Based on testimony of a vocational expert, and in light of Plaintiff's age, education, work experience and RFC, the ALJ concluded that Plaintiff was not disabled because other jobs exist in significant numbers in the national economy that Plaintiff is capable of performing, namely food and beverage clerk, document preparer, and surveillance system monitor. Tr. 47-48.

The Court has thoroughly reviewed the entire record in this action, which includes Plaintiff's medical records and the transcript of the hearing before the ALJ As I address the issues, I will reference the administrative record as it is relevant.

**II.     Analysis**

   A.     Standard

The Social Security Administration has established a five-step sequential analysis that an ALJ must follow to determine whether an individual is disabled. In conducting this analysis, the ALJ must evaluate whether "(1) the claimant is currently engaged in substantial gainful activity, (2) the claimant has a severe impairment or combination of impairments, (3) the impairment meets or equals the severity of the specified impairments in the Listing of Impairments, (4) the claimant can perform any of his or her past relevant work despite the impairment given [her] residual functional capacity, and (5) there are significant numbers of jobs in the national economy that the claimant can perform given the claimant's RFC, age, education, and work experience." *Kirby v. Comm'r of Soc. Sec.*,

819 F. App'x 828, 832 (11th Cir. 2020) (citing *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1178 (11th Cir. 2011)). "Step four is a two-prong analysis where the ALJ must assess: (1) the claimant's residual functional capacity ("RFC") and (2) the claimant's ability to return to her past work." *Klucsarits v. Comm'r of Soc. Sec.*, No. 20-14376-Civ, 2022 WL 1664133, at *3 (S.D. Fla. April 13, 2022). Plaintiff challenges the ALJ's analysis of the RFC at Step Four of the sequential analysis. Plaintiff has the burden to prove that the ALJ erred. *See Goode v. Comm'r of Soc. Sec.*, 966 F.3d 1277, 1278 (11th Cir. 2020) ("A claimant bears the burden at the first four steps…").

In her Motion for Summary Judgment Plaintiff argues that substantial evidence does not support the ALJ's RFC determination. (ECF No. 21). "Substantial evidence is more than a scintilla and is such relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Lewis v. Callahan*, 125 F.3d 1436, 1440 (11th Cir. 1997). The standard is, in effect, a presumption in favor of the ALJ's findings of fact. In other words, so long as the ALJ's decision is supported by substantial evidence, the court must affirm, "even if the court finds that the proof preponderates against the decision." *Perez v. Comm'r of Soc. Sec.*, No. 6:06-CV-1648-ORL-19KRS, 2008 WL 191036, * 5 (M.D. Fla. Jan. 22, 2008).

The RFC is the ALJ's assessment, based on all relevant evidence, of a claimant's ability to work despite her impairments. *Lewis*, 125 F.3d at 1440. "The ALJ is not required to specifically discuss each piece of evidence so long as the decision shows that [s]he considered the claimant's condition as a whole." *Alvarez v. Comm'r of Soc. Sec.*, 848 F. App'x 823, 824 (11th Cir. 2021) (citing *Mitchell v. Comm'r of Soc. Sec.*, 771 F.3d 780, 782

4

(11th Cir. 2014)). Importantly, the Court may not decide the facts anew, make credibility determinations, or reweigh the evidence. *Moore v. Barnhart*, 405 F.3d 1208, 1211 (11th Cir. 2005).

Plaintiff contends that the RFC is not supported by substantial evidence for four reasons. First, Plaintiff argues that because the RFC includes a limitation that Plaintiff can "never climb…ramps or stairs," she is necessarily "disqualifie[d]" from all sedentary work, thereby mandating a finding that Plaintiff is disabled. (ECF No. 21 at 7-8). Second, Plaintiff argues that the ALJ rejected the medical source opinions of Plaintiff's treating physician, Dr. Michael Mueller, without sufficient justification. (*Id*. at 8-11). Third, Plaintiff argues that the ALJ's assessment of her functional abilities set forth in the RFC lack supporting medical source evidence and are, instead, impermissibly based upon the ALJ's own medical judgment. (*Id*. at 11-13). Finally, Plaintiff argues that the ALJ failed to properly evaluate Plaintiff's subjective statements regarding her activities of daily living, improvement with treatment, and medication side effects. (*Id*. at 13-16).

The Commissioner disputes each of Plaintiff's assertions and seeks summary judgment in the Commissioner's favor. (ECF No. 24). In particular, the Commissioner argues that Plaintiff's RFC is supported by substantial evidence because the ALJ (i) provided a comprehensive analysis of the record evidence which support the findings in the RFC, (ii) provided specific reasons to support his finding that Dr. Mueller's opinions were not persuasive, (iii) did not substitute his lay opinion for that of Dr. Mueller, and (iv) appropriately considered Plaintiff's subjective statements when determining her RFC. (ECF No. 24 at 6-16).

I consider each of the parties' arguments in turn.

B.     Plaintiff's RFC Does Not Require a Finding That She is Disabled

Plaintiff asserts that the ALJ's finding that Plaintiff is not capable of climbing ramps or stairs must lead to the conclusion that she is disabled. (ECF No. 21 at 7). As mentioned, the ALJ found that Plaintiff has the RFC to perform sedentary work with certain limitations. Tr. 29. Plaintiff has not identified any requirement that an individual be able to climb ramps or stairs in order to perform sedentary jobs.

Plaintiff relies upon a Social Security Ruling that recognizes that sedentary work involves walking or standing for up to two hours in an eight-hour workday. (ECF No. 21 at 7) (citing SSR 96-9p); *see also* 20 C.F.R. § 416.967(a) ("Although a sedentary job is defined as one which involves sitting, a certain amount of walking and standing is often necessary in carrying out job duties."). However, walking or standing is different than climbing. There is no mention in either the Social Security ruling or regulation that climbing ramps or stairs is necessary to perform sedentary work.

It is notable that Plaintiff does not cite any cases where a claimant is disqualified from all sedentary work because she is unable to climb ramps or stairs.[3] To the contrary,

---

[3] The only case that Plaintiff cites is *Gonzalez-Aleman v. Secretary of Health and Human Services* wherein the court stated, in dicta, that "even sedentary work may require the ability to ascend or descend stairs on a daily basis." *Gonzalez-Aleman v. Sec. of Health and Human Services*, No. 95-2168, 1996 WL 267275, at *2 (1st Cir. May 21, 1996). This decision is not persuasive for several reasons. First, it is an unpublished decision. Second, the First Circuit wrote this to explain why the ALJ erred in relying upon the Grid, rather than vocational expert testimony, in determining whether jobs exist in the national economy that the claimant can perform. The inability to climb ramps or stairs is a non-exertional impairment which was relevant in *Gonzalez-Aleman* because "where a claimant has non-exertional impairments, the Grid may not accurately reflect the availability of suitable jobs." *Id.* at *2. There is no argument here that the ALJ improperly relied on the Grid. Finally, and most important, the First Circuit did not find that the plaintiff was disabled

6

the Court's own preliminary research identified numerous instances where a reviewing court upheld the ALJ's finding of "not disabled" for a claimant with a RFC limited to sedentary work and that excluded climbing ramps and stairs. *See e.g., Eutsey v. Saul*, No. 2:19-cv-00594, 2020 WL 5824443, at *6-7 (M.D. Ala. Sept. 30, 2020) (affirmed ALJ's decision that claimant could work as a surveillance system monitor, among other jobs, even though claimant was limited to sedentary work and not climbing ramps or stairs); *Francis v. Kijakazi*, No. 8:20-cv-3105, 2022 WL 2816965, at *2 (M.D. Fla. July 19, 2022) (affirmed ALJ's conclusion that claimant is not disabled where claimant had the RFC to perform sedentary work with certain nonexertional limitations, including that she could never climb ramps or stairs); *Elizabeth K. v. Kijakazi*, No. 20-cv-1465, 2022 WL 1049244 at *2, 3 (W.D.N.Y. April 7, 2022) (affirmed ALJ's conclusion that claimant could perform past relevant work as a coil inspector where claimant had the RFC to perform sedentary work, except that she could never climb ramps or stairs).

Plaintiff also makes a passing argument that she "will not be able to sustain the standing and walking requirements of sedentary work." (ECF No. 21 at 8). The medical evidence that Plaintiff cites does not support her assertion, (*id*.), as none of those records reflect that she is unable to stand or walk for a total of two hours over an eight-hour period. It is Plaintiff's burden to demonstrate that she cannot perform the physical requirements of

---

because he could not perform any sedentary work as a result of his inability to climb ramps or stairs. Rather, the court remanded the case to the Commissioner "for further findings which may in turn require the consideration of vocational evidence." (*Id*.). In other words, the First Circuit left open the possibility that the ALJ could ultimately find that the claimant could perform sedentary jobs in the national economy, even though the RFC specified that the claimant could not climb.

7

sedentary work. *Hantzis v. Colvin*, No. 8:13-cv-1711, 2014 WL 12693222, at *3 (M.D. Fla. July 22, 2014) ("At Step Four, Plaintiff has the burden of showing Plaintiff cannot perform work within the RFC."). She has not met that burden.

      C.      Substantial Evidence Supports the ALJ's Finding that Dr. Mueller's Medical Opinions Are Not Persuasive

Plaintiff's treating physician, Dr. Mueller, completed two questionnaires regarding Plaintiff's functional abilities, one in 2017 and one in 2018, (Tr. 922-23, 1097-1100), which the ALJ found were "not persuasive." (Tr. 46). Plaintiff argues that the ALJ did not have good cause to reject those opinions. (ECF No. 21 at 8-10). Plaintiff's reliance on the good cause standard is an error, as it no longer is the applicable standard. In 2017, the Commissioner issued a new regulation that changed how an ALJ evaluates medical opinions for claims filed on or after March 27, 2017. That new regulation applies here because Plaintiff filed her claim on April 13, 2017. Tr. 437-38.

The applicable regulation provides that an ALJ "will not defer or give any specific evidentiary weight, including controlling weight, to any medical opinion(s) ... including those from [a claimant's] medical sources." 20 C.F.R. § 404.1520c(a). This abrogated the "treating-physician rule," which required an ALJ "to defer to the medical opinions of treating physicians when determining whether an individual is disabled under the Social Security Act." *Harner v. Soc. Sec. Admin., Comm'r*, 38 F.4th 892 (11th Cir. 2022). The new regulation instructs the ALJ "to give a treating physician's opinion no deference and instead to weigh medical opinions based on their persuasiveness." *Id.*

When an ALJ determines the persuasiveness of a medical opinion he must consider these factors: (1) supportability, (2) consistency, (3) the medical source's relationship with the claimant, (4) the medical source's specialization and (5) any other factors that tend to support or contradict a medical opinion. 20 C.F.R. § 404.1520c(c). The most important factors are supportability and consistency, and the ALJ must explain how he considered them. 20 C.F.R. § 404.1520c(b)(2). "Other than articulating his consideration of the supportability and consistency factors, the Commissioner is not required to discuss or explain how he considered any other factor in determining persuasiveness." *Klucsarits v. Comm'r of Soc. Sec.*, No. 20-14376-Civ, 2022 WL 1664133, at *6 (S.D. Fla. April 13, 2022) (citations omitted).

Supportability refers to "the extent to which a medical source has articulated support for the medical source's own opinion". *Rodriguez v. Comm'r of Soc. Sec.*, No. 20-cv-1674, 2022 WL 807443, at *5 (M.D. Fla. Mar. 17, 2022) (citing 20 C.F.R. § 404.1520c(1)). Consistency looks to "the relationship between a medical source's opinion and other evidence within the record." *Id.* (citing 20 C.F.R. § 404.1520c(2)). In sum, the ALJ must explain "whether the medical source's opinion is (1) supported by the source's own records and (2) consistent with the other evidence of record." *Id.* (citation omitted). The ALJ here did so.

The ALJ explained that he found Dr. Mueller's opinions that Plaintiff had substantial physical limitations not persuasive because they were not supported by, and were inconsistent with, Dr. Mueller's own records and the overall records in the case. Tr. 46. Specifically, the ALJ explained that Dr. Mueller opined in 2017 that Plaintiff met

9

Listing 1.02A, an inability to ambulate effectively, but made no mention of this significant conclusion in his later opinion, issued in 2018. *Id.*; *see also* Tr. 922-23, 1098-1100. Another inconsistency the ALJ noted was that Dr. Mueller gave two different disability onset dates, 2013 and 2016. Tr. 46, 922, 1098. It is notable that Dr. Mueller's 2017 and 2018 opinions do not identify medical findings that support the substantial physical limitations he found warranted.

The ALJ further reasoned that Dr. Mueller's opinions were inconsistent with the record as a whole because Plaintiff sprained her foot while jumping on a trampoline and, as recently as 2019, her exercise regime included "heavy workouts," use of pulley weights, and outdoor bike riding. Tr. 46. Plaintiff does not dispute these facts. Instead, Plaintiff asserts that these activities are consistent with Dr. Mueller's opinions because they "*may not* involve [her] knees or other affected areas." (ECF No. 21 at 10). This is pure speculation and misses the point. Plaintiff fails to explain how she could perform those activities, including jumping on a trampoline to the point of injury, given the significant physical restrictions reflected in Dr. Mueller's opinions. Plaintiff has not demonstrated that the ALJ's conclusion lacks substantial evidence.

Indeed, a review of the administrative record reflects that Dr. Mueller's opinions are inconsistent with other evidence. For example, Dr. Mueller opined that Plaintiff is not able to walk one block at a reasonable pace. Tr. 922. Yet, the progress notes of another physician dated October 2017, state that Plaintiff can walk one to two blocks. Tr. 1120. Further, progress notes dated December 2019 state that Plaintiff "works as a hairdresser and has not missed work due to symptoms." Tr. 2126. This is inconsistent with Dr.

Mueller's opinion that Plaintiff can stand for only five minutes at a time, Tr. 1097, as hairdressers necessarily are on their feet for more than five minutes.

Plaintiff also argues that the ALJ erred in rejecting Dr. Mueller's opinions because "[t]he ALJ's functional findings do not appear significantly different from those of Dr. Mueller." (ECF No. 21 at 9). The Court cannot agree. For example, Dr. Mueller found that Plaintiff could stand or walk for one hour or less in an eight-hour workday. Tr. 1097. The ALJ made no finding that Plaintiff was so limited. Similarly, Dr. Mueller found that Plaintiff could not walk without the use of a walker, two canes or two crutches. Tr. 922. The ALJ did not make such a finding. Even if Plaintiff were correct, her argument does not demonstrate that the ALJ failed to properly evaluate the persuasiveness of Dr. Mueller's opinions under the revised regulations. The question is whether substantial evidence supports the ALJ's decision, not whether the ALJ could have reached a different decision. *See Taylor v. Comm'r of Soc. Sec.*, 2014 WL 7273917, at *5 (M.D. Fla. Dec. 19, 2014) ("[T]he issue is not whether an alternative decision can be supported by the record, but whether *this* decision is.").

For the foregoing reasons, the ALJ's conclusion that Dr. Mueller's opinions are not persuasive is supported by substantial evidence.

    D.    <u>The RFC is Not Based Upon the ALJ's Lay Assessment of the Medical Evidence</u>

Plaintiff argues that the ALJ rejected all expert opinions and thus, the RFC lacks appropriate support because it based upon the ALJ's "layman's assessment" of the medical evidence. (ECF No. 21 at 13). Plaintiff is correct that "[a]n ALJ may not substitute [his]

own opinion of a claimant's condition for that of a medical expert or make medical findings [himself]...." *Rambo v. Comm'r of Soc. Sec.*, No. 6:20-cv-1527, 2021 WL 5843106, at *6 (M.D. Fla. Dec. 9, 2021) (citations omitted). But that is not what happened here.

First, an ALJ is not required to rely upon medical opinion evidence in formulating the RFC. *See Klucsarits v. Comm'r of Soc. Sec*, No. 20-14376-CIV, 2022 WL 1664133, at *7 (S.D. Fla. April 13, 2022) ("The Eleventh Circuit has held that an ALJ need not rely on any medical source statement in determining the RFC.") (citing *Green v. Soc. Sec. Admin.*, 223 F. App'x 915, 924-25 (11th Cir. 2014); *Castle v. Colvin*, 557 F. App'x 849, 854 (11th Cir. 2014)); *Anwar v. Berryhill*, No. 2:17-cv-273, 2018 WL 5018457, at *5 (M.D. Fla. Oct. 16, 2018) ("As an initial matter, Plaintiff is incorrect inasmuch as the ALJ was not required to rely on a medical opinion when determining her RFC.") (citations omitted). This is because "[i]t is not a physician but the ALJ who is charged with assessing a claimant's RFC at the administrative level." *Anwar*, 2018 WL 5018457 at *5 (citations omitted); *see also Klucsarits*, 2022 WL 1664133 at *7 ("The determination of a claimant's RFC is an administrative determination left to the Commissioner.") (citing 20 C.F.R. §§ 404.1546, 416.916.). The RFC is based upon a review of all relevant evidence in the record, not only medical source opinions. *See* 20 C.F.R. § 404.1545(a)(3) ("We will assess your residual functional capacity based on all of the relevant medical and other evidence."); *see also Klucsarits*, 2022 WL 1664133 at *8 ("In fashioning the RFC, an ALJ properly considers not only medical opinions, but also medical history, medical signs and laboratory findings, the effect of treatment, daily activities, and lay evidence.") (citations omitted).

Second, the ALJ considered the assessments of the agency physician and consultative examiners. Tr. 45-46. He found the assessment of the agency physician "who indicated the claimant could perform a range of sedentary work, generally persuasive to the extent it is consistent with the RFC herein and the overall record." Tr. 45. Similarly, the ALJ indicated that the findings of the consultative examiners were consistent with the RFC. Tr. 45 ("I nevertheless note that the clinical observations and findings [of consultative examiner Dr. Afzal Kahn] have been accounted for in the residual functional capacity assessment herein."); Tr. 46 (explaining that consultative examiner Dr. John Catano found that Plaintiff had "*mild* decreased range of motion of the right knee due to pain, *mild* varus deformity and *mild* effusion with no instability… a "*mildly* antalgic gait and was wearing a knee brace but was not using an assistive device.") (emphasis added). Although the ALJ refused to credit the medical source opinions of Dr. Mueller, he did not do so based upon his own medical findings. "Rather, [he] considered the [medical source] opinions and offered explanations regarding consistency and supportability within the record." *Rambo*, 2021 WL 5843106 at *6.

Further, the ALJ thoroughly considered and discussed Plaintiff's treatment records, as well as her statements. Taken as a whole, this record establishes substantial evidence to support the RFC. Tr. 30-44. *See e.g., Green*, 223 F. App'x at 923 (RFC supported by substantial evidence where ALJ properly rejected treating physician's opinion and formulated RFC based on treatment records); *Klucsarits*, 2022 WL 1664133 at *8 (RFC supported by substantial evidence where based on testimony of plaintiff and her mother, treatment records, reported daily activities, and work during disability period). Plaintiff's

assertion that the RFC "simply does not meet the legally necessary evidentiary requirements," (ECF No. 21 at 13), is without merit.

  E. <u>Substantial Evidence Supports the ALJ's Evaluation of Plaintiff's Subjective Statements</u>

Plaintiff argues that the ALJ did not properly evaluate Plaintiff's subjective statements regarding her activities of daily living, improvement with treatment, and medication side effects. (ECF No. 21 at 14-16).

With respect to her first argument, Plaintiff asserts that the ALJ "improperly equates performance of periodic activities of daily living with an ability to work and to sustain that work." (ECF No. 21 at 13). Plaintiff fails to identify a single instance where the ALJ did so. She merely points to the ALJ's reference to Plaintiff's activities of daily living and then summarily concludes that "[t]he import here is that [Plaintiff] is capable of performing and sustaining work activity." (ECF No. 21 at 14). Plaintiff fails to explain how the ALJ's consideration of her daily activities was improper. It was not.

The ALJ mentioned Plaintiff's activities of daily living in two instances. Once when explaining why Plaintiff's alleged mental impairments were non-severe, Tr. 29; a finding that Plaintiff does not dispute. The second time was when the ALJ summarized a functional assessment that Plaintiff completed in 2017 and did so as part of his comprehensive, chronological review of the record evidence. Tr. 38. In neither instance did the ALJ use Plaintiff's activities of daily living as reason to disqualify her from disability benefits, as Plaintiff asserts. Rather, he properly considered those activities in context with the many medical records he also considered. "While the ability to engage in daily living activities

does not automatically disqualify a claimant from receiving disability benefits, the Commissioner may nonetheless consider a claimant's daily activities, among other evidence, in determining whether a claimant is disabled." *Schader v. Saul*, No. 19-cv-62805, 2021 WL 1520647, at *15 (S.D. Fla. Feb. 18, 2021) (citing *Majkut v. Comm'r of Soc. Sec.,* 394 F. App'x 660, 663 (11th Cir. 2010) ("Although a claimant's admission that she participates in daily activities for short durations does not necessarily disqualify the claimant from disability, that does not mean it is improper for the ALJ to consider a claimant's daily activities at all.") (citations omitted).

Plaintiff similarly fails to support her next argument, that the ALJ relied upon "unspecified improvement" and "innuendo" to find that Plaintiff is not disabled. (ECF No. 21 at 14-15). Again, Plaintiff does not support her argument with citations to the ALJ's opinion. That opinion reflects that the ALJ referenced specific statements that Plaintiff made to her doctors, as set forth in her medical records. *See e.g.,* Tr. 31 ("A treatment note dated July 23, 2013, indicates the *claimant reported that her shoulder was much better* and she had satisfactory range of motion of the shoulder."); Tr. 34 *("[Plaintiff] reported her asthma was controlled* on Advair."); Tr. 39 ("A treatment note from the claimant's internal medicine doctor dated September 28, 2017, indicates the claimant reported that she had lost 16 pounds since her last visit and *she reported that her pain had improved significantly since she had lost the weight*."); Tr. 42 ("Physical therapy records show the claimant only attended 4 treatment sessions, but she *showed improvement*.") (emphasis added). It was proper for the ALJ to consider Plaintiff's improvement with treatment. *See e.g., Fatone v. Kijakazi*, No. 20-cv-62260, 2022 WL 883719, at *2 (S.D. Fla. March 25, 2022) (RFC

15

supported by substantial evidence where based upon, among other things, ALJ's consideration of plaintiff's improvement with medication); *Weeks v. Comm'r of Soc. Sec.*, No. 5:13-cv-485, 2015 WL 12868186, at *3 (M.D. Fla. Feb. 9, 2015) ("The ALJ can also consider the fact that a claimant responds well to treatment, responds well to medication, does well on medication, or shows improvement with continued conservative treatment…").

With respect to her final argument, Plaintiff argues that the ALJ failed "to account for, evaluate, and discuss evidence showing that [Plaintiff] suffers side effects from her medication." (ECF No. 21 at 16). Plaintiff is correct that an ALJ has an affirmative duty to consider the side effects of medications on a claimant's ability to work. *See Brown v. Comm'r of Soc. Sec.*, 680 F. App'x 822, 826 (11th Cir. 2017) ("[w]e've said that the side effects of medications could render a claimant disabled or contribute to her disability, and the ALJ has a duty to investigate these side effects."). Plaintiff's assertion that the ALJ failed to do this is not supported by the record.

Plaintiff argues that the ALJ failed to consider her reported medication side effects of drowsiness, sleepiness, dizziness, rapid heart rate, chest pain, restlessness, grogginess, face swelling, and asthma flare-up. (ECF No. 16). The only medical records that Plaintiff cites reflect that she discontinued the medications that caused adverse side effects. *Id.*; Tr. 645, 2346. "A claimant's failure to report side effects to his physicians is an appropriate factor for the ALJ to consider in evaluating whether a claimant's alleged symptoms are consistent with the record." *Werner v. Comm'r of Soc. Sec.*, 421 F. App'x 935, 938 (11 th Cir. 2011) (citation omitted). Moreover, the ALJ referenced Plaintiff's reported side effects

16

in his decision, Tr. 30, 33, and specifically recognized that Dr. Mueller "indicated that [Plaintiff] had side effects from medication that included drowsiness…[which] were *not* severe enough to interfere with attention and concentration [such that] that she would be off tasks greater than 15 percent of an 8-hour workday." Tr. 41 (emphasis added).

Importantly, when determining whether substantial evidence supports an ALJ's evaluation of a claimant's subjective statements, "[t]he question is not ... whether [an] ALJ could have reasonably credited [the claimant's] testimony, but whether the ALJ was clearly wrong to discredit it." *Werner*, 421 Fed. App'x at 939. For the above reasons, Plaintiff has failed to show that the ALJ erred in evaluating her subjective statements.

### III.     Recommendations

Based on the foregoing, I respectfully recommend that the Court **DENY** Plaintiff's Motion for Summary Judgment, (ECF No. 21), and **GRANT** Defendant's Motion for Summary Judgment (ECF No. 24).

### IV.     Objections

**No later than 14 days from the date of this Report and Recommendation**, the parties may file any written objections to this Report and Recommendation with the Honorable Raag Singhal who is obligated to make a *de novo* review of only those factual findings and legal conclusions that are the subject of objections. Only those objected-to factual findings and legal conclusions may be reviewed on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985), *Henley v.* Johnson, 885 F.2d 790, 794 (11th Cir. 1989), 28 U.S.C. § 636(b)(1), 11th Cir. R. 3-1 (2016).

RESPECTFULY RECOMMENDED in chambers at Miami, Florida, this 21st day of December 2022.

                                                                                              _____
                                                                                              CHRIS McALILEY
                                                                                              UNITED STATES MAGISTRATE JUDGE

cc:  The Honorable Raag Singhal
      Counsel of record